## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| JACQUELINE D. MAYBELL, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 4:21-cv-00053 |
| INNOVATIVE RECOVERY, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

**NOW COMES** Jacqueline D. Maybell ("Plaintiff"), by and through the undersigned attorneys, complaining of Innovative Recovery, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. §392 *et seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Northern District of Texas, Defendant conducts business in the Northern District of Texas, and a substantial portion of the events or omissions giving rise to claims occurred within the Northern District of Texas.

**PARTIES**

4. Plaintiff is a consumer and natural person over 18-years-of-age who resides in the Northern District of Texas and is a "consumer" as defined by 15 U.S.C. §1692a(3).

5. Defendant is a collection agency with its principal place of business located at 5310 Harvest Hill Road, Suite 277, Dallas, Texas 75230.

6. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) as its principal business purpose is the collection of defaulted debts owed to others.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, subrogees, vendors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8. In 2018, Plaintiff's lease at Pavilion Apartments ("Pavilion") ended, and she moved out of her unit.

9. Soon thereafter, Pavilion charged Plaintiff $1,185 for costs related to cleaning and maintaining the apartment unit ("subject debt").

10. Due to immense financial hardship, on April 2, 2020, Plaintiff filed a Chapter 7 Voluntary Bankruptcy Petition in the United States Bankruptcy Court for the Northern District of Texas, Case Number 20-41341-elm7. *See* attached Exhibit A, a true and correct copy of the relevant portions of Plaintiff's Chapter 7 Voluntary Bankruptcy Petition.

11. In Schedule E/F of her Bankruptcy Petition, Plaintiff listed Defendant as having a claim for the subject debt in the amount of $1,185.00.

12. Upon the filing of Plaintiff's bankruptcy petition and by virtue of Defendant as a creditor, the Bankruptcy Noticing Center ("BNC") served Defendant with notice of Plaintiff's bankruptcy filing.

13. On July 29, 2020, the Bankruptcy Court entered an Order of Discharge in Plaintiff's case of all dischargeable debts, including the subject debt.

14. Pursuant to 11 U.S.C. §524, the Order of Discharge invoked the protections of the discharge injunction prohibiting any acts to collect upon the subject debt by Defendant or any other party.

15. Plaintiff's personal liability on the subject debt was extinguished via her bankruptcy discharge, thus terminating the business relationship with Defendant and any of its successors, assigns, and agents.

16. Despite having actual knowledge of Plaintiff's bankruptcy filing, Plaintiff received a collection letter ("Collection Letter") from Defendant dated December 28, 2020. *See* attached Exhibit B, a true and correct copy of the collection letter sent to Plaintiff.

17. The Collection Letter stated Plaintiff owed an "Amount Due" of $1,185.17 and included a payment coupon requesting that Plaintiff return payment to Defendant for the same Pavilion account that was discharged in Plaintiff's bankruptcy.

18. Specifically, the Collection Letter expressly stated:

> **"This notice has been sent by a collection agency. This is an attempt to collect a debt and any information obtained will be used for that purpose."**

19. Defendant knew or should have known that the subject debt was uncollectable as a matter of law.

20. Defendant's Collection Letter was highly confusing to Plaintiff as she believed her obligation on the subject debt was extinguished through her bankruptcy discharge, yet Defendant was seeking payment.

21. Upon information and belief, Defendant has no system in place to identify and cease collection of debts discharged in bankruptcy.

22. Upon information and belief, Defendant received notice of Plaintiff's bankruptcy filing from the Bankruptcy Noticing Center.

23. Upon information and belief, Defendant did not conduct a bankruptcy scrub on the subject debt and Plaintiff to review the accuracy of its accounts to avoid collecting debts from consumers whose debts were discharged in bankruptcy.

24. As a result of Defendant's actions and inactions, Plaintiff has expended time consulting with her attorneys as a result of Defendant's deceptive collection activity.

## DAMAGES

25. Concerned about the violations of her rights and protections afforded by virtue of the discharge awarded in Plaintiff's Chapter 7 bankruptcy case, Plaintiff sought the assistance of counsel to ensure that Defendant's collection efforts ceased.

26. Plaintiff has suffered from emotional distress, mental anguish, and anxiety as a direct result of Defendant's unlawful collection practices.

27. Defendant's harassing collection practices have severely disrupted Plaintiff's daily life and general well-being.

28. Moreover, Plaintiff was deceived into believing that her bankruptcy discharge had no legal effect and that she would have to pay the subject debt in order to get Defendant's collection activities to stop.

29. Plaintiff was unduly inconvenienced by Defendant's unlawful attempt to collect on a debt that was no longer owed by virtue of Plaintiff's bankruptcy discharge.

4

30. Plaintiff has been forced to retain counsel and end Defendant's unlawful collection activities and has incurred expenses in the form of legal fees and costs.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

33. The subject debt is a "debt" as defined by 15 U.S.C. §1692a(5) as it relates to an obligation or alleged obligation to pay money arising out of a transaction in which the medical services are the subject of the transaction and is primarily used for personal, family, or household purposes.

34. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail to collect delinquent consumer accounts allegedly owed to a third party.

35. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

36. Defendant violated 15 U.S.C. §§1692c(a)(2), e, e(2), e(10), f, and f(1) through its unlawful debt collection practices.

37. Defendant violated §1692c(a)(2) by sending a dunning letter directly to Plaintiff when it knew or should of known that Plaintiff was represented by counsel. The identity and contact information of Plaintiff's counsel was expressly indicated in the Notice of Chapter 7, which is a matter of public record, and was served upon Defendant during the Plaintiff's bankruptcy filings.

38. Defendant violated 15 U.S.C. §1692e and e(2) when it falsely represented that the character, amount, and legal status of the subject debt was collectible as a matter of law. The

5

subject debt was not owed at the time Defendant demanded payment due to the Plaintiff's Chapter 7 bankruptcy discharge.

39. Defendant violated 15 U.S.C. §1692e(10) when it falsely represented that the subject debt was collectable at the time when the collection letter was sent as it was not owed by virtue of Plaintiff's Chapter 7 bankruptcy discharge.

40. Defendant violated 15 U.S.C. §1692f by employing unfair and unconscionable means to collect the subject debt as Plaintiff's obligations to Defendant was discharged in bankruptcy, and thus she did not have a duty or obligation to make the payment demanded. It is inherently unfair to attempt to deceive consumers into paying a debt that was discharged pursuant to Federal bankruptcy laws.

41. Defendant violated 15 U.S.C. §1692(f)(1) by attempting to collect an amount not permitted by law as Plaintiff's obligation to pay the subject debt was extinguished by her bankruptcy discharge. Thus, she had no legal or contractual obligation to make payments on the subject debt.

42. Given that the underlying subject debt was duly scheduled in Plaintiff's bankruptcy, Defendant had no legal or contractual right to attempt to collect the subject debt from the Plaintiff.

43. All of Defendant's collection efforts occurred with actual knowledge of Plaintiff's bankruptcy filing and discharge.

44. Defendant, as a sophisticated debt collector, should have systems and procedures in place to identify accounts discharged in bankruptcy.

45. As pled above, Plaintiff has suffered damages as a result of Defendant's unlawful collection practices.

**WHEREFORE,** JACQUELINE D. MAYBELL, respectfully prays this Honorable court for the following relief:

a. Declaring that the practices complaint of herein are unlawful and violate the aforementioned bodies of law;
b. Preliminarily and permanently enjoin Defendant, its officers, agents, vendors, and employees from further contacting Plaintiff;
c. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);
d. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);
e. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and
f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

46. Plaintiff restates and reallages paragraphs 1 through 45 as through fully set forth herein.

47. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

48. The subject debt is a "debt" and a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

49. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

a. **Violations of TDCA § 392.304**

50. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(8), states that a debt collector may not employ practices such as "misrepresenting the character, extent, or amount of a consumer debt…"

51. Defendant violated the TDCA when it falsely represented that the subject debt was collectable at the time when the collection letter was sent as it was not owed by virtue of Plaintiff's Chapter 7 bankruptcy discharge.

52. Despite Defendant's actual knowledge that the subject debt had been discharged in bankruptcy, Defendant continued to attempt to collect upon it in hopes of tricking or coercing Plaintiff into making payment on a debt that she did not owe.

53. As pled above, Plaintiff incurred actual damages as a direct result of Defendant's harassment.

**WHEREFORE**, Plaintiff JACQUELINE D. MAYBELL requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;
e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b)-(e); and
f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: January 15, 2021                                    Respectfully submitted,

/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com